UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRONE MATTHEWS,

                            Plaintiff,

                                                      5:17-cv-1004
v.                                                      (MAD/TWD)

COUNTY OF CAYUGA, et al.,

                            Defendants.
_____

APPEARANCES:                                           COUNSEL

OFFICE OF JARROD W. SMITH               JARROD W. SMITH, ESQ.
Counsel for Plaintiff
11 South Main Street
P.O. Box 173
Jordan, NY 13080

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

**I.  INTRODUCTION**

On September 8, 2017, Plaintiff Tyrone Matthews filed a counseled civil rights complaint, brought under 42 U.S.C. § 1983, against Defendants County of Cayuga, Cayuga County Sheriff's Department, Cayuga County District Attorney's Office, Cayuga County District Attorney Jon E. Budelmann, Cayuga County Senior Assistant District Attorney Christopher Valdina, City of Auburn, and Auburn City Police Department, along with an application to proceed *in forma pauperis* ("IFP Application").  (Dkt. Nos. 1, 2.)  On September 28, 2017, Plaintiff's IFP application was denied without prejudice.  (Dkt. No. 4.)  Plaintiff filed a second IFP Application on October 5, 2017.  (Dkt. No. 5.)

By Order and Report-Recommendation filed November 27, 2017, the undersigned granted Plaintiff's second IFP Application but upon initial review of the complaint recommended that (1) Plaintiff's § 1983 claims against Cayuga County District Attorney's Office, District Attorney Budelmann, Senior Assistant District Attorney Valdina, Cayuga County Sheriff's Department, and Auburn City Police Department be dismissed with prejudice; (2) Plaintiff's § 1983 claims against the County of Cayuga and City of Auburn be dismissed without prejudice; and (3) the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Dkt. No. 6.) As to the claims against Budelmann and Valdina, this Court determined they were entitled to absolute prosecutorial immunity. *Id*. at 12-13.

After being granted two extensions of time in which to submit his objections to the Report-Recommendation (Dkt. Nos. 7, 8, 9, 10), Plaintiff's counsel indicated he would not be filing objections and instead, by letter motion January 24, 2018, requested permission to file an amended complaint. (Dkt. No. 11.) Plaintiff's letter motion was granted as a matter of right. (Dkt. No. 12.)

On February 3, 2018, Plaintiff filed an amended complaint (Dkt. No. 13), which rendered moot the findings and recommendations made by this Court regarding Plaintiff's original complaint. (Dkt. No. 15.) Accordingly, on February 13, 2018, the Hon. Mae A. D'Agostino, United States District Judge, rejected the Report-Recommendation as moot and referred the amended complaint for initial review. *Id*. Also before the Court is Plaintiff's February 5, 2018, letter motion to appoint the United States Marshal to serve the summons and amended complaint upon all Defendants. (Dkt. No. 14.)

## II.     INITIAL REVIEW

Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the allegations set forth in the amended complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id.* (internal quotation marks and citation omitted).  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material

facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### III.   AMENDED COMPLAINT

Plaintiff's amended complaint seeks unspecified money damages for conspiracy, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. (Dkt. No. 13.)  Generally, Plaintiff claims he was "accused of being a drug dealer when he was not.  Plaintiff was a drug addict and was nothing more than an agent of a drug dealer." *Id*. at ¶ 31.  In addition to original Defendants County of Cayuga and City of Auburn, new Defendants are City of Auburn police officers Jeffrey Catalfano, Matthew Androsko, David Edmonds, Andrew Penczek, Andrew Skardinski, and Timothy Spingler (together, "law enforcement officers"), along with Shawn I. Butler, Chief of the Auburn Police Department. *Id*. at ¶¶ 9, 10, 15-22.  Unfortunately, as explained by Judge D'Agostino, despite this Court's previous Report-Recommendation, Plaintiff's counsel has again included claims against Defendants Budelmann and Valdina, including that they failed to instruct the grand jury on a potential affirmative defense. *Id*. at ¶¶ 13, 14, 62; Dkt. No. 15.

On September 23, 2015, non-party former Assistant District Attorney Jeffrey Domachowski presented the charges of Criminal Sale of a Controlled Substance in the Third Degree Penal Law § 220.339(1) (two counts), Criminal Possession of a Controlled Substance in the Third Degree Penal Law § 220.16(1) (two counts), and Criminal Possession of a Controlled Substance in the Seventh Degree Penal Law § 220.03 (two counts) to a Cayuga County Grand

Jury. *Id*. at ¶ 28. Plaintiff alleges Budelmann and Valdina ordered Domachowski to present the case to grand jury without presenting the agency doctrine. *Id*. at ¶¶ 41, 46.

On September 30, 2015, Plaintiff entered the Cayuga County Jail. *Id*. at ¶ 29. He was arraigned on Sealed Indictment Number 2015-144 for the above-referenced crimes. *Id*. On July 7, 2016, Plaintiff was also indicted and arraigned on Sealed Indictment Number 2016-096 for the alleged crime of Criminal Possession of a Controlled Substance in the Third Degree Penal Law § 220.03. *Id*. at ¶ 30. Plaintiff claims the felony charges were made maliciously and without probable cause. *Id*.

Plaintiff alleges the law enforcement officers "did not have probable cause to arrest Plaintiff for the felony charges knowing that he was an agent not a dealer." *Id*. at ¶ 31. Plaintiff claims Butler trained and supervised the law enforcement officers and "exercised and delegated his municipal final decision-making power to the Auburn Police Department." *Id*. at ¶ 23.

Because of the trumped up felony charges, "an outrageous" and "excessive" bail was set. *Id*. at ¶ 36. "Plaintiff could not make such high bail and the lower court refused to lower it." *Id*. Accordingly, Plaintiff was falsely arrested and imprisoned from September 30, 2015, until September 16, 2016. *Id*. at ¶ 35. Plaintiff surmises, "if the Defendant officers had followed the agency doctrine [] Plaintiff would not have been detained for felony sale and possession of drugs. Plaintiff would have been charged with misdemeanors and a lower bail, if any, would have been lodged against [] Plaintiff." *Id*. Plaintiff claims he was treated as a "common criminal and suffered serious intentional infliction of emotional distress considering Plaintiff . . . was possibly facing a second felony offender status with increased penalties of a lengthy prison sentence" as a result of the "erroneous" felony charges. *Id*. at ¶ 43.

Indeed, despite knowing Plaintiff was "nothing more than an agent of a drug dealer," Budelmann and Valdina maliciously prosecuted Plaintiff for the felony drug charges they knew could not be proven beyond a reasonable doubt. *Id*. at ¶ 40.  Plaintiff claims he was denied due process and equal protection of the law because the grand jury was not instructed on the affirmative defense of agency. *Id*. at ¶¶ 62, 36.  Plaintiff alleges Budelmann and Valdina "failed to disclose *Brady*[1] material of the agency doctrine, the procedure by which Defendant officers and the Auburn City Police Department were trained in making arrests of the alleged drug dealers." *Id*. at ¶ 104.

On September 16, 2016, after a jury trial before the Hon. Thomas G. Leon, County Court Judge for Cayuga County, "Plaintiff was acquitted and discharged." *Id*. at ¶ 38.  Plaintiff was convicted of three counts of Criminal Possession of a Controlled substance in the 7th Degree, a Class "A" misdemeanor. *Id*.  "However, the jury rendered an acquittal relative to the charges of Indictment No. 2015-144 for alleged crimes of Criminal Sale of a Controlled Substance in the 3rd Degree Penal Law § 220.339(1) (two counts), Criminal Possession of a Controlled Substance in the 3rd Degree Penal Law § 220.16(1) (two counts); and Indictment No. 2016-096 for the crimes of Criminal Possession of a Controlled Substance 3rd Degree Penal Law § 220.03." *Id*.

Based on the foregoing, Plaintiff alleges Defendants "committed malicious prosecution; conspiracy to commit malicious prosecution; false arrest; and intentional infliction of emotional distress[.]" *Id*. at ¶ 54.  Plaintiff claims Defendants were "deliberately indifferent [to the] unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations[.]" *Id*.  Further, Defendants "willfully and

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 (1963).

6

wantonly and/or negligently" caused Plaintiff's "physical injuries, pain and suffering, emotional psychological harm and suffering, and the deprivation of Plaintiff's constitutional rights." *Id*. For a complete statement of Plaintiff's claims, reference is made to the amended complaint. (Dkt. No. 13.)

## IV.     ANALYSIS

The gravamen of Plaintiff's amended complaint is that he was falsely arrested and maliciously prosecuted with more serious drug crimes than he committed in violation of the Fourth and Fourteenth Amendments. *See id.*[2] Plaintiff further alleges Defendants conspired to deprive him of his civil rights and subjected him to intentional infliction of emotional distress. *Id*.

### A.     *Heck v. Humphrey*

A civil lawsuit may not be used to collaterally attack a criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for harm caused by other actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

---

[2] Plaintiff also claims he was falsely imprisoned in violation of his constitutional rights (Dkt. No. 13 at ¶¶ 39, 132-138), but this claim is subsumed under the false arrest claim because under New York law, "a false imprisonment claim . . . is identical to a false arrest claim. *Kilburn v. Vill. of Saranac Lake*, 413 F. App'x 362, 363 (2d Cir. 2011); *see also Holland v. Poughkeepsie*, 935 N.Y.S.2d 583, 589 (2d Dep't 2011) (noting false arrest and false imprisonment "are two names for the same tort").

512 U.S. at 486-87; *see also Praileau v. Fischer*, 930 F. Supp. 2d 383, 396 (N.D.N.Y. 2013) (stating "[u]nless, and until, the conviction is challenged and adjudicated" in the plaintiff's favor, the plaintiff's § 1983 claims are barred under *Heck*).

Under *Heck* and its progeny, a "§ 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). If a plaintiff whose success would necessarily demonstrate the invalidity of the confinement or its duration does not satisfy *Heck's* "favorable termination rule," he must seek relief through the federal habeas corpus statute rather than through § 1983. *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006) ("[T]he purpose of the *Heck* favorable termination requirement is to prevent prisoners from using § 1983 to vitiate collaterally a judicial or administrative decision that affected the overall length of confinement, and that punishments related to their term of imprisonment, or the procedures that led to them . . . must be attacked through a habeas petition.").

Indeed, "[c]laims for both false arrest and malicious prosecution both call into question the validity of a conviction, because false arrest requires a lack of probable cause and malicious prosecution requires probable cause and a termination of the proceedings in the defendant's favor." *McFadden v. New York*, No. 10-CV-141 (RRM)(CLP), 2011 WL 6813194, at *4 (E.D.N.Y. Dec. 28, 2011) (collecting cases).

Here, Plaintiff states he was convicted of three counts of Criminal Possession of a Controlled Substance in the Seventh Degree after a jury trial in Cayuga County (Dkt. No. 13 at ¶ 38), and he has not shown that the conviction was disturbed. "Where, as here, 'success on Plaintiff's Section 1983 claims would implicate the validity of the *remaining* convictions, *Heck's*

8

bar precludes their adjudication' notwithstanding the fact that Plaintiff was not convicted on all counts." *Burdick v. Town of Schroeppel*, No. 5:16-cv-1393 (MAD/TWD), 2017 WL 1284864, at *2 (N.D.N.Y. Apr. 6, 2017) (quoting *Warren v. Fischl*, No. 15-cv-2829 (JS)(AKT), 2015 WL 6760230, at *6 (E.D.N.Y. Nov. 5, 2015) (*sua sponte* dismissing the plaintiff's § 1983 claims challenging his arrest and the manner in which the defendants secured his grand jury indictment, conviction, and sentence where the plaintiff's convictions for First Degree Criminal Possession of a Controlled Substance and three counts of Fourth Degree Criminal Possession of a Controlled Substance were reversed on appeal, but the judgment of conviction on six counts of Third Degree Criminal Possession of a Controlled Substance were affirmed as barred under *Heck*), *aff'd*, 674 F. App'x 71 (2d Cir. 2017)); *DiBlaisio v. City of New York*, 102 F.3d 654, 657-59 (2d Cir. 1996) (holding the plaintiff had not shown favorable termination where he was acquitted of a drug sale charge but convicted of a drug possession arising out of same events); *see also Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under *Heck* where the plaintiff's underlying conviction had not been overturned); *see also Rodriguez v. New York City Police Dep't*, No. 10 Civ. 891(BSJ)(THK), 2011 WL 5057205, at *4 (S.D.N.Y. Oct. 24, 2011) ("Were plaintiff to obtain a judgment against [the defendant] for false arrest . . . it would undeniably cast doubt on the validity of his conviction.").

Thus, Plaintiff's conviction of three counts of Criminal Possession of a Controlled Substance in the Seventh Degree "stands as a complete bar to any claims of false arrest, false imprisonment, and malicious prosecution" relating to the felony drug charges. *Smith v. P.O. Canine Dog Chas*, No. 02 6240 KMW DF, 2004 WL 2202564, at *6 (S.D.N.Y. Sept. 28, 2004). "Moreover, that plaintiff was ultimately convicted of a lesser charge than that for which he was

arrested has been uniformly rejected by courts in this Circuit as the basis for claims of false arrest and malicious prosecution." *McFadden*, 2011 WL 6813194, at *5 (collecting cases); *see also Powers v. Sickler*, No. 93-CV-617 (RSP), 1995 WL 146272, * 4 (N.D.N.Y. Mar. 31, 1995) ("a valid conviction will bar plaintiff from asserting claims for false arrest, false imprisonment, or malicious prosecution").

Further, any "*Brady*-based § 1983 claims necessarily imply the invalidity of a challenged conviction in the trial (or plea) in which the *Brady* violation occurred" because "the remedy for a *Brady* violation is vacatur of the judgment of conviction and a new trial." *Poventud v. City of New York*, 750 F.3d 121, 132-33 (2d Cir. 2014) (en banc) (emphasis omitted). "Thus, a *Brady* claim is not cognizable under § 1983 unless the challenged conviction has been invalidated." *Johnson v. New York City Police Dep't*, 651 F. App'x 58, 59-60 (2d Cir. 2016).

Lastly, conspiracy claims are routinely dismissed under *Heck* when such claims bear on the validity of the underlying conviction or sentence. *Cruz v. Reilly*, No. 08-CV-1245 (JFB)(AKT), 2009 WL 2567990, at *3 (E.D.N.Y. Aug. 18, 2009) (collecting cases); *see also Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (holding that "*Heck* . . . applies with respect not only to [the] plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims" because the existence of a conspiracy would necessarily question the validity of plaintiff's conviction).

In light of the foregoing, the Court finds that Plaintiff's § 1983 claims for false arrest, false imprisonment, malicious prosecution, and conspiracy are barred under *Heck* unless and until such time as Plaintiff's conviction is overturned or his sentence invalidated.[3] "Disposition

---

[3] The Court notes that in certain situations, not present here, where a criminal prosecution has resulted in acquittal of some, but not all charges, the court must determine whether the charges are "sufficiently distinct to allow a malicious prosecution claim to proceed on the charge for

of the case on *Heck* grounds, however, warrants only dismissal without prejudice[.]" *Amaker*, 179 F.3d at 52 (2d Cir. 1999). Therefore, the Court recommends that Plaintiff's § 1983 claims be dismissed without prejudice under *Heck*.

### B. Prosecutorial Immunity

"It is well-settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity from an action for damages under § 1983." *Swinton v. City of New York*, 785 F. Supp. 2d 3, 8 (E.D.N.Y. 2011) (quoting *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))); *see also Lawlor v. Connelly*, 471 F. App'x 64, 65 (2d Cir. 2012) (collecting cases). "The doctrine of absolute prosecutorial immunity applies to shield liability in both federal civil rights and state common law tort actions." *Hendricks v. Cty. of Oneida*, No. 6:11-CV-0007 (GTS/ATB), 2013 WL 4106488, at *9 (N.D.N.Y. Aug. 13, 2013) (citing *Flagler v. Trainor*, 663 F.3d 543, 546 (2d Cir. 2011)).

Here, Plaintiff claims in wholly conclusory fashion that "Defendant Prosecutors cannot receive absolute immunity when denying the County of Cayuga Grand Jury the instruction of the agency doctrine. Plaintiff's rights were violated because they acted outside their scope of the prosecutorial role in the judicial process." (Dkt. No. 13 at ¶ 93.) However, the Second Circuit

---

which there was an acquittal." *Bowles v. State*, 37 F. Supp. 2d 608, 611 (S.D.N.Y. 1999) (citations omitted). Several factors are considered, including (1) disparity in sentencing ranges, (2) the elements of each crime, and (3) whether the crimes were related or separate acts. *Duke v. City of Albany*, -- F. Supp. 3d ---, No. 1:17-CV-865 (DNH), 2018 WL 7224414, at *7-8 (N.D.N.Y. Feb. 6, 2018) (recognizing difference between a conviction for a "lesser included offense" (e.g. varying degrees of robbery) and conviction for a lesser, unrelated offense (e.g. robber versus murder)). *Compare Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989) (claim of malicious prosecution on charge of resisting arrest, of which the plaintiff was acquitted, was not barred by his conviction of disorderly conduct) *with DiBlasio*, 102 F.3d at 655, 658 (claim of malicious prosecution on charges of sale of cocaine, of which the plaintiff was ultimately acquitted, was barred by his conviction of possession of cocaine).

has specifically held that a prosecutor is absolutely immune from liability for withholding exculpatory evidence from a grand jury. *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995); *see also Brown v. Ontario Cty.*, 787 F. Supp. 2d 273, 277 (W.D.N.Y. 2011) ("[P]rosecutors are entitled to absolute immunity against Section 1983 claims, for actions performed in the course of their prosecutorial duties, including but not limited to the presentation of evidence to grand juries and participation in criminal trials."); *Schnitter v. City of Rochester*, 931 F. Supp. 2d 469, 474 (W.D.N.Y. 2013) ("At bottom, Plaintiff's claim rests upon the prosecutor's decision to charge plaintiff with a crime. That is a quintessentially prosecutorial task.").

Where, as here, the prosecutors are not acting in complete absence of jurisdiction, their actions are protected by absolute immunity. *See Hill*, 45 F.3d at 661. Therefore, the Court recommends that Plaintiff's § 1983 claims against Budelmann and Valdina, which would otherwise be subject to dismissal without prejudice under *Heck*, be dismissed with prejudice on prosecutorial immunity grounds.

## V.   SUPPLEMENTAL JURISDICTION

Inasmuch as the Court is recommending dismissal of Plaintiff's § 1983 claims as barred under *Heck*, the Court also recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Kolari v. New York Presbyterian Hosp.*, 445 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed).

## VI. LETTER MOTION

In light of the above recommendations, the Court also recommends that Plaintiff's letter motion to appoint the United States Marshal to serve the summons and amended complaint upon all Defendants (Dkt. No. 14) be denied as moot.

**WHEREFORE**, based on the findings above, it is hereby

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 13) be **DISMISSED** on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); and it is further

**RECOMMENDED** that Plaintiff's § 1983 claims be **DISMISSED WITHOUT PREJUDICE** as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and it is further

**RECOMMENDED** that Plaintiff's § 1983 claims against Defendants Budelmann and Valdina, which would otherwise be subject to dismissal without prejudice under *Heck*, be **DISMISSED WITH PREJUDICE** on prosecutorial immunity grounds; and it is further

**RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims; and it is further

**RECOMMENDED** that Plaintiff's letter motion (Dkt. No. 14) be **DENIED AS MOOT**; and it is further

**ORDERED** the Clerk serve a copy of this Order and Report-Recommendation on all parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: April 18, 2018
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge