**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TYRONE MATTHEWS,**

                                 **Plaintiff,**

        **vs.**                                            **5:17-CV-1004**
                                                        **(MAD/TWD)**

**COUNTY OF CAYUGA, et al.,**

                                 **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**OFFICE OF JARROD W. SMITH**      **JARROD W. SMITH, ESQ.**
11 South Main Street
P.O. Box 173
Jordan, New York 13080
Attorney for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On September 8, 2017, Plaintiff Tyrone Matthews commenced a counseled civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants County of Cayuga, Cayuga County Sheriff's Department, Cayuga County District Attorney's Office, Cayuga County District Attorney Jon E. Budelmann, Cayuga County Senior Assistant District Attorney Christopher Valdina, City of Auburn, and Auburn City Police Department. _See_ Dkt. No. 1. In addition, Plaintiff filed an application to proceed _in forma pauperis_. _See_ Dkt. No. 2.

On November 27, 2017, Magistrate Judge Thérèse Wiley Dancks issued an Order and Report-Recommendation in which she granted Plaintiff's motion to proceed _in forma pauperis_. _See_ Dkt. No. 6. Magistrate Judge Dancks also conducted an initial review of the complaint and recommended dismissal of all claims. _See id._ This recommendation was rejected as moot because Plaintiff amended his original complaint as matter of right. _See_ Dkt. No. 15.

In the Amended Complaint, filed on March 2, 2018, Plaintiff named as additional

defendants the following law enforcement officers: Jeffrey Catalfano, Matthew Androsko, David Edmonds, Andrew Penczek, Andrew Skardinski, Timothy Spingler, and David Walters, and the Chief of the Auburn Police Department, Shawn I. Butler. *See* Dkt. No. 13 at ¶¶ 15-22.

In his Amended Complaint, Plaintiff asserts the following causes of action pursuant to 42 U.S.C. § 1983 and New York State law: "malicious prosecution; conspiracy to commit malicious prosecution; false arrest; intentional infliction of emotional distress; deliberately indifferent unconstitutional decisions, policies, practice[s], habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures[.]" Dkt. No. 13 at ¶ 27. These claims stem from two separate indictments.

In an indictment dated September 23, 2015, Plaintiff was charged with two counts of Criminal Sale of a Controlled Substance in the Third Degree, two counts of Criminal Possession of a Controlled Substance in the Third Degree, and two counts of Criminal Possession of a Controlled in the Seventh Degree. *See id.* at ¶ 28. On September 30, 2015, Plaintiff was arraigned on these charges and, unable to post bail, was housed at the Cayuga County Jail. *See id.* at ¶ 29. In an indictment dated July 7, 2016, Plaintiff was charged with one count of Criminal Possession of a Controlled Substance in the Third Degree. *See id.* at ¶ 30.

Plaintiff claims that Defendants lacked probable cause to arrest and prosecute him for the felony drug charges because they knew that "Plaintiff was a drug addict and nothing more than an agent of a drug dealer." *Id.* at ¶ 31. At trial, Plaintiff was convicted of three counts of Criminal Possession of a Controlled Substance in the Seventh Degree but was acquitted of the remaining, more serious counts.

On April 18, 2018, Magistrate Judge Dancks issued a second Order and Report-Recommendation based on Plaintiff's Amended Complaint in which she recommended the complaint be dismissed upon initial review under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). *See* Dkt.

No. 16.  Magistrate Judge Dancks further recommended that Plaintiff's § 1983 claims be dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and that Plaintiff's § 1983 claims against Defendants Budelmann and Valdina be dismissed with prejudice on prosecutorial immunity grounds.  *See id.*  In addition, Magistrate Judge Dancks recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and that Plaintiff's letter motion (Dkt. No. 14) be denied as moot.  *See id.*

A court may grant a motion to proceed *in forma pauperis* ("IFP") if the party is "unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  While "extreme caution should be used in considering an in forma pauperis application, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see*, *e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and

3

quotation omitted).  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However,"[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A litigant's failure to file objections to a magistrate judge's report and recommendation waives any challenge to the report on appeal.  *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).

In the present matter, Magistrate Judge Dancks provided Plaintiff adequate notice that he was required to file any objections to the Order and Report-Recommendation, and specifically informed him that failure to object to any portion of the report would preclude his right to appellate review.  *See* Dkt. No. 16 at 13.  On May 15, 2018, Plaintiff's counsel filed a letter

stating he "will not be filling any objections." *See* Dkt. No. 19.

As Magistrate Judge Dancks correctly found, Plaintiff is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), to assert civil rights claims, pursuant to 42 U.S.C. § 1983, for false arrest, false imprisonment, conspiracy, and malicious prosecution. Under *Heck* and its progeny, a "§ 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the [plaintiff's] suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted). In this case, Plaintiff was convicted of three counts of Criminal Possession of a Controlled Substance in the Seventh Degree. Plaintiff's success here would unquestionably cast doubt on these counts. Therefore, the Court finds that Plaintiff's claims for false arrest, false imprisonment, conspiracy, and malicious prosecution are barred under *Heck*. *See DiBlaisio v. City of New York*, 102 F.3d 654, 657-59 (2d Cir. 1996).

As Magistrate Judge Dancks correctly concluded, a prosecutor is absolutely immune from liability for virtually all acts associated with his or her function as a prosecutor and advocate. *See Lawlor v. Connelly*, 471 Fed. Appx. 64, 65 (2d Cir. 2012) (citing cases). In fact, the Second Circuit has specifically held that a prosecutor is absolutely immune from liability for withholding exculpatory evidence from a grand jury. *See Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995). Therefore, the Court finds that Plaintiff's § 1983 claims against Budelmann and Valdina are dismissed with prejudice on prosecutorial immunity grounds.

Further, since Plaintiff's § 1983 claims are dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims. *See Kolari v. New York Presbyterian Hosp.*, 445 F.3d 118, 120 (2d Cir. 2006) (holding that the district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal

court has original jurisdiction have been dismissed).

Upon a review of the Order and Report-Recommendation, and considering that Plaintiff has not objected to any of Magistrate Judge Dancks' thorough and well-reasoned recommendations, the Court finds no clear error in Magistrate Judge Dancks' recommendations and hereby affirms and adopts the Order and Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' April 18, 2018 Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 13) is **DISMISSED** on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2018
        Albany, New York

Mae A. D'Agostino
U.S. District Judge